1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST; PUGET SOUND ELECTRICAL WORKERS PENSION TRUST; PUGET SOUND ELECTRICAL WORKERS 401(K) SAVINGS PLAN TRUST; PUGET SOUND ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST; and NATIONAL ELECTRICAL BENEFIT FUND, | Cause No. 16-cv-5857<br><br>COMPLAINT FOR MONETARY DAMAGES |
| Plaintiffs,<br>v.<br><br>ZEUS FIRE & SECURITY, LLC, a Washington limited liability company,<br><br>Defendant. | |

## I. **PARTIES**

1.1     Plaintiff Puget Sound Electrical Workers Healthcare Trust (the "Healthcare Trust") is a Taft-Hartley trust fund created for the purpose of providing eligible employees, dependents, and beneficiaries with healthcare, vacation, and related benefits.  It maintains its principal office in Seattle, King County, Washington.

1.2     Plaintiff Puget Sound Electrical Workers Pension Trust (the "Pension Trust") is a Taft-Hartley trust fund created for the purpose of providing benefits for the support of eligible employees after retirement and/or their beneficiaries pursuant to a pension

COMPLAINT FOR MONETARY DAMAGES – 1
16-cv-5857

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

1  plan.   It maintains its principal and administration offices in Seattle, King County,
2  Washington.

3      1.3    Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the
4  "401(k) Trust") is a Taft-Hartley trust fund created for the purpose of providing support
5  of eligible employees after retirement and their beneficiaries pursuant to a 401(k)
6  savings plan.  It maintains its principal and administration offices in Seattle, King County,
7  Washington.  It was formerly known as the Local 46 Retirement Annuity Trust.

8      1.4    Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the
9  "Apprenticeship & Training Trust") is a Taft-Hartley trust fund created for the purpose of
10  providing education benefits to eligible employees.   It maintains its principal and
11  administrative offices in Seattle, King County, Washington.

12      1.5    The Plaintiffs are commonly known as the Puget Sound Electrical Workers
13  Trust Funds (the "Trust Funds").

14      1.6    Plaintiff National Electrical Benefit Fund (the "NEBF") is a Taft-Hartley trust
15  fund established for the purpose of providing eligible members and retirees with
16  pension benefits. The NEBF maintains its principal office in the District of Columbia and
17  its administrative office in Rockville, Montgomery County, Maryland.

18      1.7    Defendant Zeus Fire & Security, LLC ("Zeus") is a Washington limited
19  liability company with its principal place of business in Puyallup, Pierce County,
20  Washington.

21          **II.  JURISDICTION AND VENUE**

22      2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the
23  Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C.
24  §1132(e)(1).

25      2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29
26  U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR MONETARY DAMAGES – 2
16-cv-5857

### III.  FACTS

3.1     On or about March 30, 2015, Kristopher Conner, identifying himself as the "President" of Zeus, executed a Letter of Assent with the Puget Sound Chapter, NECA ("NECA") and the IBEW Local 46 Union (the "Union").  The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize Puget Sound Chapter, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved 9th District Sound & Communications labor agreement between the Puget Sound Chapter, NECA and Local Union 46, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  This authorization, in compliance with the current approved labor agreement, shall become effective on the 30th day of March, 2015.  It shall remain in effect until terminated by the undersigned employer giving written notice to the Puget Sound Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

3.2     The same day, Mr. Connor, on behalf of Zeus, also executed a Letter of Assent for the addendum to the 9th District Sound & Communications labor agreement.

3.3     Signing the Letters of Assent made Zeus party to the *9th District Sound & Communications Agreement Between the International Brotherhood of Electrical Workers and the National Electrical Contractors Association* (the "Labor Agreement"), and *Addendum to NECA/IBEW 9th District Sound and Communication Agreement* (the "Addendum"), the current version of which is effective August 1, 2013 through July 31, 2017.

3.4     Under the terms of the Labor Agreement and Addendum, Zeus agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by the company.  The amounts Zeus agreed to pay the Trust Funds are set forth in the current version of the Addendum at Article III, §§3.07 – 3.08; Article V, §§ 5.02

COMPLAINT FOR MONETARY DAMAGES – 3
16-cv-5857

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

– 5.03; Article VI, §6.01; Article VII, §7.01; and Article IX, §§9.0 – 9.05. The Trust Funds are beneficiaries under the terms of the Labor Agreement and the Addendum.

3.5    Pursuant to the terms of the Addendum, Zeus agreed to pay all fringe benefit contributions to the Trust Funds' designated administration office in Seattle, King County, Washington.   The Trust Funds' administration office collects all fringe benefit contributions and other amounts specified in the two labor agreements.

3.6    Zeus was required to provide its monthly reports and contributions payments to the plaintiff Trust Funds' administration office no later than the 15th of each month following the month in which the hours were worked.  Zeus also agreed to pay the plaintiff Trust Funds liquidated damages, interest, attorney fees, and costs of collection for any delinquency.

3.7    As a signatory to the Labor Agreement, Zeus agreed to the terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound Electrical Workers Pension Trust Fund; (iii) Puget Sound Electrical Workers 401(k) Savings Plan Trust; (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust; and (v) National Electrical Benefit Fund, as well as other ancillary funds.

3.8    Zeus's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the *Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund*, dated February 23, 1954, and as amended.  Under the Healthcare Trust, Zeus agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.9     Zeus's obligations to the Pension Trust are set forth in Article IV of the *Puget Sound Electrical Workers Pension Trust, Trust Agreement*, amended and restated effective January 1, 2004.  Under the Pension Trust, Zeus agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.10     Zeus's obligations to the 401(k) Trust are set forth in Article IV of the *Puget Sound Electrical Workers 401(k) Savings Plan Trust*, dated September 1, 2016.  Under the 401(k) Trust, Zeus agreed to, among other things:

- Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11    Zeus's obligations to the Apprenticeship & Training Trust are set forth in Section 20 of the *Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement*, dated November 6, 2000.  Under the Apprenticeship & Training Trust, Zeus agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.12    Zeus's obligations to the National Electrical Benefit Fund are set forth in Article 6, Sections 6.1 – 6.13 of the *Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund*, dated December 2, 1992, and as amended.  Under the NEBF, Zeus agreed to among other things:

- Submit its reports and contributions payment on or before the fifteenth (15th) of each calendar month to the NEBF's designated local collection agent an amount equal to three (3) percent of the gross labor payroll for the preceding calendar month, or as set by the trustees, even if the company had no employees for that period of time;

COMPLAINT FOR MONETARY DAMAGES – 6
16-cv-5857

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- ▪ Comply with a request to produce and to audit the payroll records and other documents as requested by the trust fund;

- ▪ Payment of liquidated damages of twenty (20) percent on all delinquent contributions, with accrued interest on all delinquencies at ten (10) percent per annum;

- ▪ Payment of the trust fund's attorney fees and costs of collection; and

- ▪ Posting of a surety bond, personal guaranty, or irrevocable letter of credit upon demand by the trust fund.

3.13    Each of the trust agreements contain clauses which require signatory employers such as Zeus to submit to an audit by the Trust Funds of the company's payroll and related business records.

3.14    Following execution of the collective bargaining agreements, Zeus hired union workers subject to the scope of the agreements and began the monthly reporting and payment of contributions to the plaintiff Trust Funds.

3.15    Zeus has not terminated the Labor Agreement.

3.16    Zeus submitted its monthly fringe benefit contribution reports to the Trust Funds' administration office for the period May 2016 through August 2016.  However, Zeus did not provide payment of the reported amounts.

3.17    As of the date of this complaint, Zeus has not submitted payment of the delinquent fringe benefit contributions and ancillary charges to the Trust Funds' administration office, despite demand.  Zeus currently owes the Trust Funds $16,253.03, consisting of $14,768.38 in fringe benefit contributions, $1,265.48 in liquidated damages, and $219.17 in accrued, prejudgment interest calculated through October 4, 2016.

COMPLAINT FOR MONETARY DAMAGES – 7
16-cv-5857

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.2    Zeus's actions and inaction constitute a breach of the terms of the labor and trust agreements between the Union and Zeus, to which the Trust Funds are beneficiaries and/or parties.

4.3    As a result of Zeus's breaches, the Trust Funds have been damaged in an amount to be proven at trial, but not less than $14,768.38.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.5    Zeus's actions and inaction constitutes a violation of §515 ERISA, codified at 29 U.S.C. §1145, and also gives rise to claims for equitable relief under §502(a)(3) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6    As a result of Zeus's actions and inaction, the Trust Funds have been damaged in an amount to be proven at trial, but not less than $14,768.38.

## V.  REQUESTED RELIEF

The Plaintiff Trust Funds respectfully request the Court grant the following:

A.    Judgment in favor of the Trust Funds, for $14,768.38, representing past-due and delinquent fringe benefit and other contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Zeus is a party;

B.    Judgment in favor of the Trust Funds, for $1,265.48, representing liquidated damages owed by defendant pursuant to the terms of the labor and trust agreements to which Zeus is a party;

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

C.    Judgment in favor of the Trust Funds, in an unknown amount to be determined at trial, but not less than $219.17, representing accrued interest owed by defendant pursuant to the terms of the labor and trust agreements to which Zeus is a party;

D.    An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Zeus is a party, and as authorized under ERISA; and

E.    Any other such relief under federal law or as is just and equitable.


Dated: October 6, 2016.

Jeffrey G. Maxwell, WSBA #33503
Ekman Cushing Maxwell, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ecm-law.com

Attorneys for the Plaintiff Puget Sound Electrical Workers Trust Funds and National Electrical Benefit Fund

COMPLAINT FOR MONETARY DAMAGES – 9
16-cv-5857

EKMAN CUSHING MAXWELL, P.S.
ATTORNEYS AT LAW
220 W MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221